## STRUSGUTH & DRAKE *v.* B. F. POLLARD.

*Tender. Payment after suit begun. Costs.*

1. A payment after suit begun and entered in court will not discharge the entire liability of the defendant unless it covers the taxable costs which must necessarily accrue at the next term in becoming non-suit, as well as those already accrued.

2. An offer of a certain sum made by the defendant to the plaintiffs' attorney, after the first term of court, and accepted by him, is not a tender at common law nor under the statute; it is simply a payment *pro tanto.*

This was an action of assumpsit brought to the March Term, 1888, and tried by jury at the March Term, 1889. It did not appear what, if any, pleadings had been filed in the cause. By the direction of the court and agreement of counsel the jury returned a special verdict that there was due the plaintiff, August 3d, 1888, $444.30.

It appeared on the trial that at the March Term, 1888, the cause had been continued to the next term; that August 3d, 1888, defendant had made plaintiffs' attorney a tender of $455, to apply towards the damages and costs in said suit, which the plaintiffs' attorney received October 16th following. The court held that the receipt, October 16th, related back to and was as of August 3d, when the tender was made.

It appeared that the taxable costs of the plaintiffs up to and including August 3d, were $7.48; that the taxable costs then accrued and which would accrue upon the entry of a non-suit at the next term, being the September term, would amount to $14.

Since the plaintiffs had received more than the amount of their debt and costs then due, August 3d, the defendant moved for judgment for his costs. The plaintiffs contended that they were entitled not only to the costs accrued August 3d, but also to those which must necessarily accrue in becoming non-suit at the September term.

(11)

Strusguth & Drake *v.* Pollard.

The court so held; and since the amount of such costs and damages exceeded the tender, gave judgment on the verdict for $444.30 and costs, including the costs of the March term, 1889, said costs amounting in all to $31.30; diminished the amount of such judgment by the amount received, and granted execution for the balance. The defendant excepted.

*Butler & Moloney,* for the defendant.

The offer and receipt of the $455 was not a tender, it was a payment. Having accepted it, the plaintiffs could only recover their costs then due. The language of both the statute and decisions is that the tender or payment must cover the damages and "accrued costs." R. L. s. 1449; *Powers* v. *Powers,* 11 Vt. 262; *Root* v. *Ross et ux.,* 29 Vt. 288; *Stevens* v. *Briggs,* 14 Vt. 44; *Babcock* v. *Culver,* 46 Vt. 715; *Spaulding* v. *Warner,* 57 Vt. 654.

*Geo. E. Lawrence,* for the plaintiff.

The tender must cover the costs already accrued and those costs which must necessarily accrue in getting the case out of court.

The opinion of the court was delivered by

TAFT, J. The offer of the money to the plaintiff in August, 1888, was not a legal tender at common law, as it was after suit brought. *Green* v. *Shurtliff,* 19 Vt. 592; neither was it an effective tender under the statute, R. L. s. 1450, for the money was not brought into court, and the opinion of the court taken as to the good faith of the defendant in making the offer. The money was not paid into court under County Court rule No. 34.

While the case was pending in the County Court, the defendant, in vacation, paid the plaintiffs $455, to apply towards the damages and costs. This was a payment *pro tanto,* but not enough to pay the damages and costs, including those of a nonsuit at the subsequent term. To collect their claim the plaintiffs had been compelled to bring suit and enter it in court, and were

Strusguth & Drake *v.* Pollard.

entitled to their taxable costs until their debt was paid, and upon payment were entitled to such sum for their costs at the subsequent term as would enable them to discontinue the suit. The liability of the plaintiffs for such costs had already become fixed. They must attend at the term, and must pay the clerk's fees; as to them, the costs of the subsequent term had, in effect, already " accrued," and at the time the defendant made the payment, to relieve himself from further liability he should have paid enough to enable the plaintiffs to go out of court without expense in respect of their taxable costs. Not having done that,

*Judgment is affirmed.*